W. O. BARNDT and Another v. ADOLPH PARKS and Others.[1]

February 21, 1908.

Nos. 15,321—(81).

**Mechanic's Lien.**

The statutes of this state do not require the statement of a mechanic's lien to designate the law under which it is claimed, and a reference in such a statement to the mechanic's lien statute of 1889 as the basis of a claim of lien which arose under the provisions of R. L. 1905, § 5538, which act was incorporated and carried forward in the revision and formally repealed thereby, is not fatal to its validity. The reference to the act of 1889 may be rejected as surplusage.

Action in the district court for Hennepin county to foreclose a mechanic's lien. From an order, Holt, J., overruling the joint and

[1] Reported in 115 N. W. 197.

several demurrers to the complaint, defendants C. Dalby Fisher, Minnetonka Land & Improvement Company and Mattie D. Fisher, appealed. Affirmed.

*J. M. Hawthorne* and *Lloyd Peabody,* for appellants.

*Arthur M. Higgins,* for respondents.

BROWN, J.

Action to foreclose a mechanic's lien, in which defendants interposed a general demurrer to plaintiffs' complaint and appealed from an order overruling it.

The complaint alleges that between May 15 and June 7, 1906, plaintiff furnished certain lumber and material for use in the construction of a building for defendant, to the value of $101.31, no part of which has ever been paid; that thereafter, on September 1, 1906, and within the time prescribed by law, plaintiffs caused to be prepared and filed in the proper office a lien statement, by which they claimed and asserted a lien upon the premises described and upon which the building was erected for the amount due on account of the material so furnished as aforesaid. The statement was in the usual form, and attached to and made a part of the complaint, and contained the following: "Notice is hereby given that W. O. Barndt and Wm. E. Blackmar, copartners doing business under the style and firm name of Minnetonka Lumber Co., of the village of Excelsior, in the county and state aforesaid, claiming lien under the act entitled 'An act giving liens for the better security of mechanics, materialmen, laborers and others, approved April 24, 1889' as amended   *   *   *"

The statement complied with the statutes in all respects, and vested in plaintiffs their asserted lien, unless the portion thereof above quoted, by which they appear to have based their claim upon the mechanic's lien statute of 1889, which was repealed by R. L. 1905, § 5538, and was not in force when the right to the lien arose, is fatal to its validity. We do not think this of serious importance. The statement that the lien was claimed under the act of 1889 was evidently a mistake, caused no doubt by adopting a printed form in general use prior to the revision of the statutes in 1905. But, inasmuch as the repeal of the act of 1889 was in form only, the principal provisions thereof being carried forward and incorporated in the re-

vised laws, and the further fact that the statute does not require the lien statement to contain a reference to the law under which the lien is claimed, the specific mention in the statement in question of the act of 1889 may be rejected as surplusage.

Affirmed.